**Roy Braden, Plaintiff-Appellee, v. Shell Oil Company, Defendant-Appellant.**

## Term No. 59–O–16.

Fourth District.

February 5, 1960.

Released for publication February 22, 1960.

Oehmke, Dunham, and Boman, of East St. Louis, for defendant-appellant.

Meyer and Meyer, of Belleville (Thomas Meyer, of counsel) for plaintiff-appellee.

JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Madison County resulting from a verdict in favor of the plaintiff, Roy Braden, in the sum of $18,-500. Post trial motions were denied, and on appeal in this Court defendant, Shell Oil Company contends that the Scaffold Act (Chapter 48, Sections 60–69, 1957 Illinois Revised Statutes) is unconstitutional, and further, that Shell Oil Company was not liable under the Act because it was not "in charge" of the construction. It is also contended that there was no proof of a wilful violation of the Act; that certain instructions given by the Court constituted reversible error; and that the verdict and judgment were so excessive as to require a new trial or a remittitur to reduce the judgment.

The constitutionality of the Scaffold Act has been passed upon by the Supreme Court in Kennerly v. Shell Oil Co., 13 Ill.2d 431, and the Court in the Kennerly case, supra, at page 435, likewise pointed out, "The Scaffold Act deals with highly dangerous activities. It has been regarded from the outset as intended to fix an independent non delegable duty of compliance upon the owner of the property. . . . Neither this Court nor the Appellate Court has deviated from this construction of the statute, first announced almost fifty years ago." The Court concluded that the owner, under the Act, is responsible whether he retains the right of control or not. Thus it is clear that despite the hiring of the independent contractor, for the purposes of the Act, the defendant was "in charge" of the work even though it in fact gave complete charge and control of the premises to the independent contractor.

Similarly, the "wilful violations" of the Act referred to have been construed to include liability by an employer not only when dangerous conditions are known to him but also when by the exercise of

254

reasonable care the existence of such dangerous condition could have been discovered and known to him (Schultz v. Henry Ericsson Co., 264 Ill. 156). In Kennerly v. Shell Oil Co., supra, at page 439, the Court stated that the word "wilfully" was synonymous with "knowingly," and it was not necessary that there should be a reckless disregard of the statutory provision. In the case before us there was evidence that in the construction of high walls of the type involved, a scaffold of some sort was required; and that, although the agent of Shell did visit the job site at least daily, no effort was made to inspect the scaffolding. A board on the scaffold broke because it was rotten, causing the injury. Under the facts it is apparent that the contentions made by defendant are not supported by the precedents in this State.

We have reviewed the questions raised on instructions and find that there is no reversible error in connection therewith.

█ On the question of the contention that the verdict was excessive we have reviewed the record and the nature of the injuries involved and cannot say, on the basis of the record before us, that the verdict was excessive. Plaintiff fell through the rotten scaffolding and landed on his left shoulder on a stake that had been driven in the ground. He was unconscious for a period of time. He remained in the hospital for seven days and was then confined to his home for approximately three months. During this time he had severe pain and had to lie on an electric heating pad in order to sleep. After the three-month-period he was able to return to light work only. His loss of wages resulting from the injuries were substantial. He had a fracture of the lower third of the body of the scapula. There was a 90 degree abduction of his left arm. There was limitation from 180 to 140 in the acromion. There was tenderness over muscle areas, and the forearm

was smaller. The limitation of motion was accompanied by pain around the clavicle of the left shoulder. The limitation of motion is apparently permanent.

The judgment of the Circuit Court of Madison County will, therefore, be affirmed.

Judgment affirmed.

SCHEINEMAN, P. J. and HOFFMAN J., concur.